56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rafael Raquel ROLA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70034.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Aez-eme-wdz.
 BIA
 PETITION DENIED.
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Raquel Rola, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' (BIA) decision denying his applications for asylum and withholding of deportation. Rola, a former military officer, contends that he established a well-founded fear of persecution on account of political opinion because of death threats from the New People's Army (NPA), the armed Communist opposition to the Filipino government. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 Rola entered the United States as a non-immigrant visitor in December 1986. At his deportation hearing on March 27, 1990, he conceded deportability for staying in the United States longer than authorized, and applied for asylum, withholding of deportation, and voluntary departure. The immigration judge (IJ) found Rola deportable, denied his applications for asylum and withholding of deportation, and granted voluntary departure. The BIA affirmed the IJ's decision on January 4, 1994. Rola timely petitions for review.
 
 
 4
 We review the BIA's legal conclusions de novo. Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir. 1994). We review factual determinations underlying an asylum decision under the substantial evidence standard, and "will reverse 'only if the evidence presented ... was such that a reasonable fact-finder would have to conclude that the requisite fear of persecution existed."' Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)).
 
 
 5
 Under 8 U.S.C. Sec. 1158(a), the Attorney General has discretion to grant asylum to a refugee, defined as "any person who is unable or unwilling to return to his or her country of origin 'because of persecution or a well-founded fear of persecution on account of ... political opinion."' Shirazi-Parsa, 14 F.3d at 1427 (quoting 8 U.S.C. Sec. 1101(a)(42)(A)). Asylum applicants must establish that their fear of persecution is subjectively genuine and objectively reasonable. Id. "The objective component requires a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution." Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir. 1993) (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir. 1988) (per curiam)).
 
 
 6
 Here, the evidence showed that the NPA put Rola's name on a death list after he participated in successful military campaigns against the NPA. As a result, in 1984 the military transferred Rola to a desk job in a different location for a year, and he left the military in late 1985. He then managed his family's lodge and restaurant in Mindoro, an island province, until his departure for the United States in December 1986.
 
 
 7
 Rola challenges the IJ's finding that his fear of persecution was not well-founded because for at least two years after his name appeared on the death list, he remained in the Philippines "without having any problems with the people who put his name on the list." Rola points to his testimony that the NPA organized in Mindoro in late 1985, and so a Filipino army unit was stationed there. Officers from this unit told him that NPA "Sparrow" units were hunting for him. Rola also testified that after he left the Philippines, his wife told him "there were people asking about [his] whereabouts." She said these people had questioned the town treasurer, possibly in 1987 or 1988.
 
 
 8
 The record shows, however, that Rola's family had lived in Mindoro since 1969. As the IJ found, it appears that in 1986, the NPA could have found Rola in Mindoro with little difficulty. Moreover, Rola's wife has not been threatened, and the articles submitted by Rola indicate that the NPA sometimes harms the families of its targets. Thus, substantial evidence supports the IJ's finding that Rola did not establish an objectively reasonable fear of persecution. See Shirazi-Parsa, 14 F.3d at 1427; Acewicz, 984 F.2d at 1061.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3